UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**Plaintiffs,**

| | |
|---|---|
| Manish Patel, | ) |
| Hema Patel (Spouse of Manish Patel, U.S. Permanent Resident), and | ) |
| | ) |
| **v.** | ) **Civil Action No. [Case Number will be assigned by Clerk]** |
| Marco Rubio, Secretary of State, U.S. Department of State, | ) **Hon. [District Judge]** |
| Kristi Noem, Secretary of Homeland Security, U.S. Department of Homeland Security, | ) **Mag. [Magistrate Judge]** |
| Angelica Alfonso-Royals, Director, U.S. Citizenship and Immigration Services, | ) |
| Pam Bondi, Attorney General of the United States, | ) **COMPLAINT FOR DECLARATORY AND** |
| **Defendants.** | ) **INJUNCTIVE RELIEF** |
| | ) **(Mandamus / APA)** |
| | ) **Claim of Unconstitutionality** |

**TABLE OF AUTHORITIES**.................................................................................... 1
**PRELIMINARY STATEMENT**...........................................................................3
**JURISDICTION AND VENUE**............................................................................4
**PARTIES**................................................................................................................. 4
**FACTUAL ALLEGATIONS**................................................................................ 5
**IRREPARABLE HARM**........................................................................................7
**CAUSES OF ACTION**...........................................................................................7
    COUNT I (Violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706)...................................................................................................................... 7
    COUNT II (Violation of Due Process (U.S. Const. Amend. V))......................... 9
    COUNT III (Mandamus (28 U.S.C. § 1361))...................................................... 10
**PRAYER FOR RELIEF**......................................................................................11
**FOOTNOTES**....................................................................................................... 12
**CERTIFICATE OF SERVICE**..........................................................................14

# TABLE OF AUTHORITIES

*Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005)

*Kerry v. Din*, 576 U.S. 86 (2015)

*Mathews v. Eldridge*, 424 U.S. 319 (1976)

*Matter of I-M-*, 7 I&N Dec. 389 (BIA 1957)

*Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997)

*Sissoko v. Rocha*, 509 F.3d 947 (9th Cir. 2007)

*Tapucu v. Gonzales*, 399 F.3d 736 (6th Cir. 2005)

**Statutes**

Immigration and Nationality Act (INA)    § 212(a)(6)(E)

INA § 212(a)(7)(A)(i)(1)

Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706

5 U.S.C. § 706

Declaratory Judgment Act, 28 U.S.C. § 2201

Equal Access to Justice Act, 28 U.S.C. § 2412

Mandamus Act, 28 U.S.C. § 1361

28 U.S.C. § 1331

28 U.S.C. § 1391(e)

**Constitutional Provisions**

U.S. Const. amend. V

## PRELIMINARY STATEMENT

1. This case challenges an arbitrary and irrational decision by federal agencies that has forcibly separated a Michigan family. For the past two years, Plaintiff Manish Patel has served his community as a licensed pharmacist in the State of Michigan, where he and his team notably administered over 10,000 COVID-19 shots during the pandemic. His U.S. enterprises have provided significant employment, and his investments have supported companies employing more than 200 individuals.

2. Yet, the U.S. government now bars him from his home and from his U.S. permanent resident wife and son based on a baseless, decade-old allegation regarding a single H-1B petition for an employee who never entered the United States. The absurdity of the government's position is laid bare by its own contradictory actions: in February 2025, one federal agency (USCIS) reviewed Mr. Patel's background and approved him for a professional TN visa, while another (the Department of State), relying on the same flawed reasoning, has imposed what amounts to a lifetime bar from the United States. Plaintiffs seek declaratory and injunctive relief to correct this clear error of law and fact, reunite their family, and compel Defendants to adjudicate Mr. Patel's case lawfully.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as the matter in controversy arises under the Constitution (including U.S. Const. amend. V, Due Process Clause) and laws of the United States, including the Immigration and Nationality Act (INA) and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706.

4. Jurisdiction is also proper under 28 U.S.C. § 1361 (mandamus) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving rise to the claim occurred here, and Plaintiff Hema Patel resides in this judicial district.

## PARTIES

6. Plaintiff Manish Patel is a citizen of Canada currently residing in Canada due to Defendants' actions. He is a licensed pharmacist in Michigan and a respected business owner.

7. Plaintiff Hema Patel is a citizen of Canada, a U.S. Permanent Resident, and the spouse of Manish Patel. She resides in this judicial district.

8. Defendant MARCO RUBIO is the Secretary of State for the U.S. Department of State and is sued in his official capacity.

9. Defendant KRISTI NOEM is the Secretary of Homeland Security and is sued in her official capacity.

10. Defendant ANGELICA ALFONSO-ROYALS is the Director of U.S. Citizenship and Immigration Services (USCIS), a component of DHS, and is sued in her official capacity.

11. Defendant PAM BONDI is the Attorney General of the United States and is sued in her official capacity.

## FACTUAL ALLEGATIONS

13. Plaintiff Manish Patel is being denied admission to the United States and is consequently unable to be present with his U.S. permanent resident spouse, Hema.

14. The basis for this denial is an allegation that Mr. Patel's prior H-1B sponsorship constituted a violation of immigration laws. In or around 2015, Orgen Nutraceuticals, a U.S. company in which Mr. Patel held an interest, filed an H-1B visa petition for Ms. Disha Patel. Ms. Patel, the wife of Mr. Patel's distant cousin, holds a Ph.D. in Botanical Science and an M.Sc. in Botany, making her an exceptionally qualified candidate.

15. Critically, Ms. Disha Patel never traveled to or entered the United States pursuant to this H-1B petition or at any other time.

5

16. On or about December 27, 2024, the U.S. Consulate General in Montreal sent an email (Case No. mtl2020534012) to Mr. Patel stating that his immigrant visa case "remains ineligible for a visa under section 212(a)(6)(E) of the Immigration and Nationality Act (INA) until you obtain a waiver".

17. Despite this, in February 2025, USCIS reviewed Mr. Patel's background and issued an I-797 approval for a TN professional visa, indicating that it found him admissible for non-immigrant status.

18. On or about February 28, 2025, contradicting the USCIS approval, Mr. Patel's application for admission was withdrawn at the Detroit Ambassador Bridge. The "WITHDRAWAL OF APPLICATION FOR ADMISSION/CONSULAR NOTIFICATION" form (Event No: DET25022001196) indicated the reason for inadmissibility as "7A1/6E," referring to INA § 212(a)(7)(A)(i)(l) and § 212(a)(6)(E).

19. CBP officers at the port of entry informed Mr. Patel that the inadmissibility instruction came directly from the U.S. Consulate in Montreal. During this encounter, CBP officers advised Mr. Patel to apply for a Form I-192 non-immigrant waiver.

20. Subsequently, on or around March 2, 2025, Mr. Patel applied for the I-192 waiver. The status of this waiver application is currently pending.

21. There is no credible evidence supporting the allegation that Plaintiff Manish Patel committed any violation that would sustain a charge under INA § 212(a)(6)(E) or any other provision of law.

**IRREPARABLE HARM**

22. Defendants' actions are causing immediate, continuing, and irreparable harm to Plaintiffs. The forced separation of Mr. Patel from his U.S. lawful permanent resident wife and son inflicts profound emotional distress and disrupts the fundamental right to family integrity.

23. This ongoing separation prevents Mr. Patel from providing daily emotional and financial support to his family and from overseeing his long-standing professional and business obligations in Michigan. This harm cannot be remedied by a future monetary award and can only be cured by this Court's immediate intervention.

**CAUSES OF ACTION**

COUNT I (Violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706)

24. The finding that Plaintiff Manish Patel is inadmissible under INA §§ 212(a)(6)(E) and 212(a)(7)(A)(i)(I) is arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and otherwise not in

accordance with law. The government's charge is based on a fundamental mischaracterization of a good-faith attempt to use a lawful visa process as an illicit act.

25. Defendants Cannot Establish the Requisite "Knowledge" for a Smuggling Finding. The smuggling statute, INA § 212(a)(6)(E), requires that a person act "knowingly" to assist an alien to enter the United States in violation of law.[1] Mr. Patel's use of the formal, government-sanctioned H-1B petition process demonstrates an intent to comply with U.S. immigration law, not to subvert it. Federal courts have clarified that the government must show the accused had "knowledge of the alien's illegal status," which is absent here.[2]

26. Filing a Petition is Not the "Affirmative Act of Assistance" Contemplated by the Statute. The Sixth Circuit requires that assistance be more than "tangential" or "peripheral" to an illegal entry.[3] Filing a petition for a future employee who, critically, never even traveled to or attempted to enter the United States, is a preparatory administrative step, not the direct facilitation of an illegal border crossing.

27. The Petition Was Not an Attempt to Enter "In Violation of Law." For the smuggling charge to be valid, the assistance must facilitate an entry "in violation of law". A smuggling finding requires a "purpose of violating the immigration laws."[4] Here, Mr. Patel was attempting to initiate a lawful

8

employment relationship for a highly qualified candidate through a legitimate U.S. business. The government improperly conflates a disputed administrative issue with the serious offense of smuggling.

COUNT II (Violation of Due Process (U.S. Const. Amend. V))

28. Defendants' actions have violated Plaintiffs' constitutional rights to due process. While a non-citizen seeking admission has limited due process rights, those rights are implicated here due to the significant, constitutionally protected liberty interest of Plaintiffs Hema Patel a U.S. Permanent Residents, and maintaining family integrity. The Supreme Court has repeatedly recognized the fundamental nature of the marriage relationship and family integrity.

29. The government must provide a "facially legitimate and bona fide reason" for its decision to deny a visa that implicates the constitutional rights of a citizen or LPR spouse.[5] A finding of inadmissibility based on a legally and factually erroneous application of the smuggling statute is not a "bona fide reason".

30. The procedure used to deprive Plaintiffs of their liberty interest was constitutionally deficient under the three-part test in *Mathews v. Eldridge*.[6] The risk of erroneous deprivation here is exceptionally high, as Defendants

employment relationship for a highly qualified candidate through a legitimate U.S. business. The government improperly conflates a disputed administrative issue with the serious offense of smuggling.

COUNT II (Violation of Due Process (U.S. Const. Amend. V))

28. Defendants' actions have violated Plaintiffs' constitutional rights to due process. While a non-citizen seeking admission has limited due process rights, those rights are implicated here due to the significant, constitutionally protected liberty interest of Plaintiffs Hema Patel a U.S. Permanent Residents, and maintaining family integrity. The Supreme Court has repeatedly recognized the fundamental nature of the marriage relationship and family integrity.

29. The government must provide a "facially legitimate and bona fide reason" for its decision to deny a visa that implicates the constitutional rights of a citizen or LPR spouse.[5] A finding of inadmissibility based on a legally and factually erroneous application of the smuggling statute is not a "bona fide reason".

30. The procedure used to deprive Plaintiffs of their liberty interest was constitutionally deficient under the three-part test in *Mathews v. Eldridge*.[6] The risk of erroneous deprivation here is exceptionally high, as Defendants

based a lifetime bar on an opaque finding without providing Mr. Patel with a meaningful opportunity to present rebuttal evidence. The conclusory notice citing only a statute number is insufficient for a meaningful rebuttal and violates the core tenets of procedural due process.

COUNT III (Mandamus (28 U.S.C. § 1361))

31. Plaintiffs are entitled to relief under the Mandamus Act to compel an officer of the United States to perform a duty owed to the plaintiff. Plaintiffs can establish the three required elements: (1) a clear right to the relief sought; (2) a clear, non-discretionary duty by the defendant to perform the act; and (3) no other adequate remedy.

32. Plaintiffs have a clear right to have Mr. Patel's immigration case adjudicated lawfully. While the ultimate decision to grant a visa may be discretionary, the duty to adjudicate the application is not. A consular office has a non-discretionary duty to act on a petition.[7] By indefinitely suspending processing, Defendants are failing to perform this duty.

33. Plaintiffs have no other adequate remedy at law. Mr. Patel is caught in an administrative Catch-22: the Department of State requires a waiver from DHS, while DHS enforces the Department of State's finding. Administrative

remedies, including the filing of a waiver that remains pending, have proven futile, making judicial intervention the only adequate remedy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, providing the following relief:

A. A declaratory judgment that Plaintiff Manish Patel is not inadmissible to the United States based on the allegations related to the 2015 H-1B petition sponsorship, specifically under INA § 212(a)(6)(E) and § 212(a)(7)(A)(i)(l);

B. Pursuant to Federal Rule of Civil Procedure 57, an order advancing this action on the calendar for a speedy hearing;

C. An order compelling Defendants to take all necessary actions to correct Plaintiff Manish Patel's records, remove the findings of inadmissibility, and process any related immigration applications in accordance with the law and the Court's findings;

D. An order compelling Defendants to expeditiously adjudicate Plaintiff Manish Patel's pending immigrant visa application and I-192 waiver application;

11

E. An injunction ordering Defendants to permit Plaintiff Manish Patel to be admitted to the United States under his approved TN visa status or other lawful status pending the final adjudication of this matter;

F. An order compelling Defendants to expeditiously adjudicate and grant Plaintiff Manish Patel's application for permanent residency, if the inadmissibility finding is the sole remaining obstacle and he is otherwise eligible;

G. An award of reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and/or any other applicable authority; and

H. Such other and further relief as this Court may deem just and proper.

## FOOTNOTES

[1] See *Matter of I-M-*, 7 I&N Dec. 389 (BIA 1957).

[2] *Sissoko v. Rocha*, 509 F.3d 947, 950 (9th Cir. 2007).

[3] *Tapucu v. Gonzales*, 399 F.3d 736 (6th Cir. 2005).

[4] *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005).

[5] *Kerry v. Din*, 576 U.S. 86 (2015) (Kennedy, J., concurring).

[6] 424 U.S. 319 (1976).

[7] See *Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997).

Dated: August 11, 2025

Respectfully submitted,

/s/ Herman Dhade
 Herman Dhade (P72849)
 Attorney for Plaintiffs
 Dhade & Associates, P.C.
 7071 Orchard Lake Rd., Ste 320
 West Bloomfield, MI 48322
 Tel: (248) 254-3441
 Fax: (248) 254-3443
 Email: herman@eagle.pro

13

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, I will electronically file the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all registered parties.

Respectfully submitted,

/s/ Herman S. Dhade

Herman S. Dhade, Esq. (P72849)

Attorney for Plaintiffs

Dhade & Associates, P.C.

7071 Orchard Lake Road, Ste. 320 West Bloomfield, MI 48322

Tel: (248) 254-3441 Fax:

(248) 254-3443

herman@eagle.pro